UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERI S. R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C24-5876-BAT <br><br> **ORDER REVERSING AND REMANDING FOR AN AWARD OF BENEFITS** |

The Commissioner "does not dispute the issues raised in Plaintiff's Opening brief in so far as the Commissioner now asks that the Court remand this case to the agency for further administrative proceedings." Dkt. 18, at 1. Nonetheless, the Commissioner argues against a remand for an award of benefits because there are "unresolved factual issues that would make such a finding improper." Dkt. 18, at 2. That is, the Commissioner argues that although the ALJ failed to support the decision with substantial evidence and/or misapplied the law in every way indicated by plaintiff, and there is no indication that the record will be supplemented or clarified for the period in dispute of 2015 to 2017, the very existence of conflicting evidence means that a remand for an award of benefits is inappropriate. Dkt. 18, at 8. The Court finds that plaintiff has satisfied the credit-as-true standard and the record as a whole does not create serious doubt about whether plaintiff is, in fact, disabled. The Court therefore **REVERSES** the Commissioner's final

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 1

1  decision and, exercising its discretion, **REMANDS** the matter for the calculation and award of
2  benefits under sentence four of 42 U.S.C. § 405(g).

3  **BACKGROUND**

4  In April 2015, plaintiff filed applications for Supplemental Security Income and
5  Disability Insurance Benefits with an alleged onset date that was subsequently amended to
6  March 31, 2015, and a date-last-insured of June 30, 2015. Tr. 15, 1640, 1643. The Court has
7  since reversed two ALJ decisions. In 2020, the undersigned judge reversed the ALJ's 2018
8  decision of no disability based on the misevaluation of state agency opinions and plaintiff's
9  subjective testimony. Tr. 15–29, 875–83. In 2022, the Court reversed the ALJ's 2021 decision of
10 no disability based on the misevaluation of examining psychologist Dr. Terilee Wingate's 2015
11 and 2018 opinions and parts of plaintiff's subjective testimony. Tr. 1737–57, 1769–82. Plaintiff
12 here challenges the non-favorable portion of the ALJ's 2024 decision after the second remand.
13 *See* Dkt. 1640–64. In the 2024 decision, the ALJ determined that plaintiff's impairments met
14 Listing 12.04 related to depressive, bipolar, and other disorders as of March 1, 2017, and plaintiff
15 was therefore disabled as of that date. Tr. 1661–64. The ALJ found, however, that plaintiff was
16 not disabled before March 1, 2017. Tr. 1663. Plaintiff thus challenges only the ALJ's
17 determination that she was not disabled from the alleged onset date of March 31, 2015, through
18 February 28, 2017. Dkt. 13, at 2.

19 **DISCUSSION**

20 Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a
21 decision by the Commissioner '*with* or *without* remanding the cause for a rehearing.' " *Garrison*
22 *v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. §
23 405(g)). Although a court should generally remand to the agency for additional investigation or

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 2

explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014)). Under the Ninth Circuit's credit-as-true rule, three elements must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Nonetheless, when a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021. Plaintiff contends that she has satisfied all three elements of the credit-as-true standard such that the Court should exercise its discretion to remand plaintiff's claims for an award of benefits. The Court agrees.

First, the record has been fully developed and further administrative proceedings would serve no useful purpose. The record in this case includes over 2,000 pages, plaintiff's testimony in numerous hearings, and assessments of her capacity to do work by several physicians. Given this extensive record, this is not a case in which the admission of more evidence would be "enlightening." *Cf. Treichler*, 775 F.3d at 1101. The relevant period is March 31, 2015, to February 28, 2017, and there is no indication that there is anything in the record that the ALJ overlooked to explain how that evidence casts into serious doubt plaintiff's claim to be disabled. *Cf. Garrison*, 759 F.3d at 1022. The Commissioner argues that since plaintiff "cannot show that the record was free of evidentiary conflicts. . . remand for benefits is inappropriate." Dkt. 18, at

8 (citing *Treichler*, 775 F.3d at 1099) (quotation marks omitted). Yet "our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis." *Garrison*, 759 F.3d at 1021; *see Beneke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

Second, the Commissioner concedes that the ALJ failed to provide legally sufficient reasons for rejecting the medical opinions and plaintiff's testimony. Dkt. 18, at 1. The Commissioner agrees that the ALJ's opinion must be reversed and remanded for insufficiency of the evidence and/or a misapplication of the law such that the only question is whether the Court should exercise its discretion to do so for further administrative proceedings or for an award of benefits. *Id.*

Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. The Court need not adopt plaintiff's extreme (yet accurate) position that since the Commissioner opposes no legal or factual allegation made in plaintiff's opening brief, the Commissioner also does not oppose a finding of disability based on every exertional and non-exertional claim asserted. It is sufficient for the Court to observe that plaintiff's testimony and Dr. Wingate's 2015 and 2018 opinions, credited as true, demonstrate that plaintiff suffered, at very least, from marked mental limitations in several

domains between March 31, 2015, and February 28, 2017. Tr. 536–42, 987–89, 1377–82. There is no dispute that once plaintiff's mental limitations shifted from moderate to marked in several domains, she was no longer capable of working, a conclusion supported not only by plaintiff's testimony and Dr. Wingate's opinions, but also directly and indirectly by the March 31, 2015 opinion of psychologist Dr. Melanie Edwards, treatment notes from treating psychiatric nurse Amy Heckler, medical expert psychologist Dr. Nicole Martinez, mental health treatment notes, non-examining opinions, and the ALJ's conclusion for the period beginning March 1, 2017, that plaintiff met Listing 12.04 for her mental limitations. Tr. 201–01, 229–31, 538, 540, 576–77, 583, 615, 662, 819–20, 987–89, 1379, 1661–63, 1694–1711; *see, e.g.*, Tr. 615 (Sea Mar Community Health Center Behavior Health Intake Addendum of Aug. 1, 2025, noting, "Client is unable to work due to her and emotional condition."), 1380 (Dr. Wingate's 2018 psychological examination noting that overall plaintiff's severity was above "marked" and in the "severe" category and noting, "She has not changed in years. Her PTSD is chronic and she also has chronic depression. BPD is also prominent and it causes considerable difficulty getting along with others. She needs intensive therapy, including EMDR and DBT. Prognosis for work is poor.").

Moreover, the Court declines the Commissioner's invitation to remand for further proceedings on the basis that the record creates "serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. *Treichler* examined whether the Court had the discretion to remand for further administrative proceedings rather than an award of benefits, noting: "In light of the conflicts and ambiguities in the record, the district court would not *abuse its discretion* in concluding that not all essential factual issues have been resolved, *or* that the record is fully developed and it is clear from the

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 5

record that the ALJ would be required to award benefits." *Treichler*, 775 F.3d at 1105 (emphasis added) (citation and quotation marks omitted). The *Treichler* court thus continued: "Where, as in this case, an ALJ makes a legal error, *but the record is uncertain and ambiguous*, the proper approach is to remand the case to the agency." *Id.* (emphasis added). Here, in contrast, the record is neither uncertain nor ambiguous. It is essentially the same record for the relevant period between 2015 to 2017 that was thrice examined by ALJs in 2018, 2021, and 2024, and was/will be thrice reversed for harmful legal and factual errors. The Commissioner does not suggest that administrative proceedings would help to better elucidate the issues, only that the facts and law are different based on whether the case is remanded for proceedings or for an award of benefits.[1] *Compare* Dkt. 18, at 1 ("The Commissioner does not dispute the issues raised in Plaintiff's Opening brief insofar as the Commissioner now asks that the Court remand this case to the agency for further administrative proceedings."), *with* Dkt. 18, at 5–6 ("The ALJ reasonably interpreted these mild and moderate limitations into a residual functional capacity for simple tasks with significant limitations on social interaction, pace, and adaptation.") (citation omitted), *and with* Dkt. 18, at 7 ("[T]he ALJ carried out his responsibility for translating the medical source's findings into a useful residual functional capacity."). The Court declines the Commissioner's invitation to remand for further administrative proceedings so that an ALJ may, for the fourth time, review the same issues and apply the same law to the same record in the same manner to a relevant period that occurred 8 to 10 years in the past. In fact, such

---

[1] The Commissioner's position would be more tenable had he indicated with specificity what aspects of the ALJ's decision were unsupported by the evidence and the law, and how such harmful errors could be rectified by further administrative proceedings through, for example, supplementing the record or examining overlooked evidence, or remanding to a different ALJ to examine ignored issues. *See, e.g.*, *Frankie J. C. v. Commissioner of Social Security*, 2025 WL 1009007 (W.D. Wash. Apr. 4, 2025).

circumstances counsel strongly in favor of remanding for immediate payment of benefits. *See, e.g.*, *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (remanding for an award of benefits in-part because claimant first sought benefits more than seven years before and claimed disability began over a decade before); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for determination of benefits where the claimant had "already waited over seven years for her disability determination").

In sum, the Court concludes that plaintiff satisfied all three conditions of the credit-as-true rule and that a careful review of the record discloses no reason to seriously doubt that she was, in fact, disabled for the period between March 31, 2015, and February 28, 2017. The Court therefore exercises its discretion to reverse and remand for a calculation and award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for the calculation and award of benefits under sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of May, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR AN AWARD OF
BENEFITS - 7